```
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

YISRAEL Z. HEILMANN,                  Civil Action No. _____


                        Plaintiff,        **COMPLAINT**

                                          **JURY TRIAL DEMANDED**


        -against-


YESHIVA UNIVERSITY,



Defendants.

-------------------------------------X
```

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 2 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

# PRELIMINARY STATEMENT

1.  This is a civil action seeking redress for unlawful disclosures, mishandling, and unauthorized use of Plaintiff's confidential and protected personal information in violation of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"); the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d et seq. ("HIPAA"); and the General Data Protection Regulation (EU) 2016/679 ("GDPR"), to the extent applicable.

2.  Plaintiff Yisrael Z. Heilmann was, at all relevant times, a student receiving educational and health-related services from Defendant Yeshiva University ("YU") and/or its agents, who collected, stored, and disseminated Plaintiff's sensitive education records, health records, and personal data without authorization, in violation of statutory protections governing privacy and data security.

3.  Without Plaintiff's informed consent and in the absence of any lawful exception, Defendant improperly disclosed Plaintiff's protected records—including confidential educational, medical, psychological, and identifying information—to third parties, including but not limited to faculty, staff, legal representatives, and/or other institutions. In addition, Plaintiff's data was maintained and transmitted in insecure or noncompliant systems, further compounding the violations.

4.  Defendant's conduct violated clearly established rights under FERPA (which guarantees students control over access to their education records), HIPAA (which protects the confidentiality of personal health information), and the GDPR (which, where applicable, governs the handling of

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 3 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

personal data of EU residents or subjects, including those temporarily residing in the United States).

5. As a direct and proximate result of Defendant's unlawful disclosures and mishandling of sensitive data, Plaintiff has suffered significant and ongoing harm, including invasion of privacy, emotional distress, reputational damage, and the risk of future misuse or exposure of his personal data.

6. Plaintiff seeks declaratory and injunctive relief, statutory and compensatory damages, attorneys' fees and costs where available, and all other appropriate relief as determined by the Court.

7. Plaintiff demands a trial by jury on all claims so triable.

8. Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, Plaintiff certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) this filing is not being presented for any improper purpose; (2) the claims and legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying the law; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions, if any, are warranted on the evidence or are reasonably based on belief or a lack of information.

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 4 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

# Parties

3. Plaintiff Yisrael Z. Heilmann is a German national who, during 2022–2024, was enrolled as an F-1 international student at Yeshiva University in New York City. Plaintiff resided in student housing on YU's campus and regularly received student support services (such as academic advising and counseling). He has identified disabilities (including ADHD and a traumatic brain injury from a March 2024 assault). Plaintiff is a "student" within the meaning of FERPA, and a "data subject" under the GDPR, entitled to privacy of his educational and medical records.

4. Defendant Yeshiva University is a New York non-profit educational institution. YU participates in federal student aid programs and receives federal funds, making it subject to Title VI and related regulations. Defendant Dr. Yedidya Levy is the former Director of YU's Counseling Center and a campus official. She and other named Defendants ("Defendant(s)") participated in decisions and actions concerning Plaintiff's records and well-being. Defendant Sara J. Asher is the University's President (formerly a high-level student affairs official) who received confidential information about Plaintiff from YU staff. Defendant Rebecca Cypess is YU's Associate Provost for Academic Affairs (who managed the collection of medical documentation). Defendant Nicholas Pitsirikos is a Senior Associate Dean (who handled Plaintiff's exam scheduling). Defendants Yael Muskat (former Director of Counseling Center) and others were officials or employees of YU. Defendants, acting under color of law or under authority of their positions, accessed and disclosed Plaintiff's student and health records without authorization. All actions by Defendants and their agents were taken within the scope of their employment with YU.

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

## Factual Allegations

5. Shortly after arriving at YU in 2022, Plaintiff experienced harassment on campus based on his background. In November 2022, he filed a formal complaint with YU and external authorities about a fellow student's harassing messages referencing Adolf Hitler and Nazi ideology, which Plaintiff reasonably believed were directed at him because of his German national origin. YU investigated the matter, imposed a no-contact order, and disciplined the offending student. These complaints by Plaintiff constitute protected activity under antidiscrimination laws (e.g. Title VI of the Civil Rights Act).

6. In the following months Plaintiff continued to use YU counseling and support services. Defendants were aware of Plaintiff's background (including that his family lives in Germany) and of the complaints he had filed. For example, during a March 25, 2024 meeting, Defendant Levy referenced personal details (knowing that Plaintiff's family resided in Germany) in order to intimidate Plaintiff. This shows Defendants had improperly obtained or used confidential information about Plaintiff's international status.

7. On December 10, 2023, during a Biology lecture at YU, a teaching assistant (TA) named Ilan Bocian publicly disclosed Plaintiff's private health information. The TA announced to an entire class that Plaintiff "was sick and had undergone surgery at a New York City hospital," even though only a few individuals (Plaintiff's roommate and two professors) were aware of Plaintiff's medical situation. Plaintiff had only mentioned the possibility of surgery in confidence; the TA's public announcement was unauthorized. This disclosure of Plaintiff's medical condition (part of his student file) violated FERPA's protection of student education records.

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 6 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

8. On December 28, 2023, the same TA disseminated Plaintiff's exam grade to other students without permission. He sent a WhatsApp group message to the entire class with Plaintiff's exact Biology grade. Classmates immediately began harassing Plaintiff, asking intrusive questions about his performance, and one mockingly broadcast the information on social media. This unlawful dissemination of a specific grade is a textbook FERPA violation, since grades are protected personally identifiable information in education records. Defendants were notified of the incident but took no meaningful remedial action, despite clearly documented proof of the group chat and witness testimony.

9. In early September 2024 (shortly after Plaintiff was discharged from the hospital for his March injury), YU officials demanded that Plaintiff submit detailed medical documentation in order to take final exams. On September 5, 2024, Provost Cypess and Dean Pitsirikos emailed Plaintiff pressuring him to "submit the documentation" or forfeit his exams by a hard deadline. Plaintiff responded that many of his medical records were already **sealed for confidentiality** under HIPAA and FERPA. He wrote that "many [of my] documents . . . concerning [my] medical condition have been sealed for confidentiality purposes, in compliance with HIPAA and FERPA". Defendants nevertheless improperly insisted on receiving or viewing these sensitive records, and threatened academic penalties for noncompliance. Forcing disclosure of sealed medical information beyond what is necessary for accommodations violates HIPAA's privacy rules and FERPA's requirement to limit educational record access.

10. Also on September 5, 2024, an unofficial summary of Plaintiff's condition was provided to Dr. Sara Asher by YU personnel. This "note" purported to describe conversations at the hospital (e.g. mentioning an event at 4:00 AM) but lacked any timestamp and conflicted

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 7 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

with the hospital's actual timeline. The inconsistencies suggest the note was fabricated or altered after the fact. Plaintiff has no record of consenting to or authorizing this summary. Its creation and circulation within YU went far beyond any legitimate school need. It appears that YU staff accessed Plaintiff's private hospital notes without authorization, then retroactively documented them in a way that benefited Defendants. This unauthorized manipulation of Plaintiff's protected health information constitutes a clear HIPAA violation (and also implicates FERPA if created as a "treatment record" by school counselors).

11. In addition to the above incidents, YU deleted or withheld Plaintiff's electronic communications about his education. Shortly after Plaintiff raised concerns about grades, accommodations, and discrimination, Defendants erased portions of his email inbox in September 2024. Some of those emails discussed his academic status and medical accommodations. Deleting these records not only obstructed Plaintiff's ability to file grievances, it was effectively an unauthorized alteration of his education records. FERPA requires educational institutions to maintain and allow access to student records; YU's deletion of emails thus violated FERPA.

12. All of the above privacy violations occurred after Plaintiff engaged in protected activity. Plaintiff's 2022 complaint about Nazi harassment and any subsequent grievances about discrimination or disability accommodations were known to YU administrators. Defendants' unlawful access and disclosure of his records intensified soon after these complaints. By targeting Plaintiff's educational and medical information, Defendants retaliated against him for asserting his rights. For example, Defendants regularly reminded Plaintiff that he was an international student (leverage tied to his protected complaint) and

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 8 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

threatened negative immigration consequences, linking their abuses to his nationality. Such conduct was intended to punish Plaintiff for exercising his rights under civil rights laws.

13. As a direct result of Defendants' misconduct, Plaintiff suffered harm. The unauthorized disclosures caused him extreme embarrassment, anxiety, and a loss of privacy. The improper pressure to reveal medical records and the fabricated note undermined his medical care and trust in his caregivers. He also incurred legal and travel expenses trying to protect his rights. Plaintiff continues to fear further retaliatory acts. Defendants' actions have made it clear that his sensitive data is not secure.

## Count I: Violation of FERPA (20 U.S.C. § 1232g)

14. Plaintiff incorporates by reference all preceding paragraphs. Under FERPA, student "education records" (including grades and health accommodations) may not be disclosed without the student's written consent, except under limited circumstances. See 20 U.S.C. § 1232g(a)(4)(B). As a student, Plaintiff's grades and submitted medical documentation were protected FERPA records. Defendant Yeshiva University and its agents (including employees, TAs, and administrators) are "educational institutions" subject to FERPA.

15. Defendants, through their agents, disclosed Plaintiff's protected education records without consent. In December 2023, a YU TA publicly announced Plaintiff's private health and academic information to a classroom. Specifically, the TA disclosed that Plaintiff was recovering from surgery and then shared his exact exam grade. These acts disseminated personally identifiable information (PII) from Plaintiff's records to third parties and were not authorized by Plaintiff. Each such disclosure independently violates FERPA's prohibition on releasing education records without consent.

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 9 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

16. Defendants also allowed the improper deletion of Plaintiff's education records. Deleting Plaintiff's emails about grades and accommodations was an unauthorized alteration of records. FERPA explicitly requires institutions to maintain and provide access to student education records. YU's deletion of emails about Plaintiff's academic status contravened 34 C.F.R. § 99.10(b) and related obligations, effectively denying Plaintiff access to his own records.

17. Plaintiff acknowledges that FERPA does not by itself provide a private damages remedy. Nonetheless, Defendants' FERPA violations support Plaintiff's claims for declaratory and injunctive relief, and form part of the pattern of unlawful conduct for which Defendants must be held accountable. Even if FERPA enforcement is typically by federal funding sanctions, here it provides a standard for Defendants' obligation of confidentiality, which Defendants brazenly breached.

18. Defendants' FERPA violations were knowing and willful. By disclosing Plaintiff's records and retaliating for his complaints, they acted with reckless disregard for his privacy rights. These actions warrant an award of damages and injunctive relief to prevent future breaches.

## Count II: Violation of HIPAA (42 U.S.C. § 1320d et seq.)

19. Plaintiff incorporates by reference all preceding paragraphs. HIPAA protects the privacy of individuals' "protected health information" held by covered entities or their business associates. YU's Counseling Center and Health Services are covered entities under HIPAA (as "health plans" or "healthcare providers" receiving federal funding for healthcare).

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 10 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

Defendants had a statutory duty under 42 U.S.C. § 1320d-6 and 45 C.F.R. §§ 160–164 to prevent unauthorized disclosure of Plaintiff's medical records.

20. Defendants breached HIPAA's privacy rule by forcing the disclosure and by improper handling of Plaintiff's medical information. Requiring Plaintiff to submit sealed medical records as a condition of exam eligibility violated HIPAA's mandate that a patient's sensitive information be shared only for treatment or required disclosures, not for punitive academic reasons. Likewise, the unauthorized creation or provision of a medical summary note to Dr. Asher (see ¶10) indicates that YU staff accessed and disclosed Plaintiff's protected health information without legal justification.

21. Under HIPAA, a covered entity may only use or disclose protected health information as permitted by law. Defendants' actions – including divulging Plaintiff's health status in class and using hospital notes in disciplinary proceedings – were not authorized. These acts were undertaken knowingly, as illustrated by the deliberate way Defendants pressed Plaintiff for sealed documents even after he cited HIPAA protections. They violated 45 C.F.R. § 164.502 (limiting disclosures to those with patient consent or specific exemptions).

22. Plaintiff suffered actual damages from these HIPAA breaches. He lost control over personal health details, endured stigma and stress, and incurred costs for legal and psychological support in response to the violations.

## Count III: Violation of GDPR (Regulation 2016/679)

23. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff is a citizen of the European Union (Germany). GDPR Article 4 defines a "data subject" as a natural person

Case 1:25-cv-04571-AT-RWL    Document 1    Filed 05/28/25    Page 11 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

whose personal data is processed. Yeshiva University, as an organization collecting and processing Plaintiff's personal data (e.g. via admissions, academics, counseling), qualifies as a "controller" under GDPR. Although YU is based in the U.S., the GDPR applies extraterritorially when a non-EU entity processes the data of EU citizens in the context of offering goods or services, or monitoring behavior. Plaintiff enrolled and used services at YU voluntarily, subjecting him to this cross-border regulation.

24. GDPR Articles 5–6 require that any processing of personal data be lawful, fair, and transparent, and based on consent or necessity. Defendants failed to obtain consent for the disclosures described above, and none of the GDPR's lawful bases (e.g. consent, vital interests) apply to this punitive use of data. By exposing Plaintiff's health and educational data without his permission and for no legitimate purpose, Defendants flagrantly violated GDPR's core principles (Art. 5).

25. Plaintiff suffered material and non-material harm as a result. Article 82 of the GDPR grants "any person who has suffered material or non-material damage as a result of an infringement of [the] Regulation" the right to compensation. Under this provision, Defendants (as data controllers/processors) are jointly and severally liable for the damage caused by their breaches. Defendants' unauthorized processing (disclosure, alteration, and deletion of Plaintiff's personal data) deprived Plaintiff of the confidentiality and dignity that GDPR explicitly protects.

26. By virtue of the foregoing, Defendants must be held liable under the GDPR. Plaintiff invokes Article 82 (which is directly applicable law in all EU Member States) to recover damages for the breaches. Additionally, Defendants' failure to implement appropriate technical and organizational safeguards is a violation of Article 32. Plaintiff also reserves

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 12 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

any right to submit claims to EU supervisory authorities as may be necessary, but here seeks relief through this forum as well.

## Count IV: Retaliation

27. Plaintiff incorporates by reference all preceding paragraphs. Defendants' access and disclosure of Plaintiff's records occurred in direct retaliation for Plaintiff's protected actions. Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d) and its regulations prohibit any recipient of federal funds from "intimidat[ing], threaten[ing], coerc[ing], or discriminat[ing] against any individual . . . because he has made a complaint, testified, assisted, or participated" in a discrimination investigation. Similarly, other federal and state anti-retaliation provisions protect those who assert their rights.

28. Here, Plaintiff's complaints about discrimination and his requests for disability accommodations were protected activities. Defendants, aware of these complaints, targeted Plaintiff by improperly seizing and misusing his private information. This pattern of behavior – including setting arbitrary deadlines after Plaintiff insisted on privacy, praising the Nazi-harassing student after Plaintiff complained, and threatening Plaintiff's future status – was plainly retaliatory. Defendants effectively punished Plaintiff for standing up for his rights under federal law.

29. Defendants' retaliation violated Plaintiff's rights under Title VI and related laws. The wrongful acts described in this Complaint (FERPA/HIPAA/GDPR breaches) were the means of retaliatory discrimination: Defendants threatened immigration or academic consequences based on Plaintiff's nationality and complaints. Defendants thereby abused

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 13 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

their authority as an educational institution to silence a foreign student. These acts were willful, malicious, and done in bad faith, warranting punitive damages.

30. As a proximate result of Defendants' retaliation, Plaintiff suffered adverse actions, including denial of timely accommodations and further exposure of his private data. The hostile environment continued to harm Plaintiff's educational opportunities and emotional well-being. Defendants' retaliatory motive amplifies their liability for the privacy violations above.

## Prayer for Relief

Plaintiff Yisrael Z. Heilmann respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

- **Declaratory Relief:** A declaration that Defendants' actions violated Plaintiff's rights under federal and international law, including the anti-discrimination mandate of Title VI (42 U.S.C. §2000d), the privacy protections of FERPA (20 U.S.C. §1232g), the GDPR (EU Reg. 2016/679) and its Article 82 right to compensation, as well as common-law privacy and other applicable statutes.

- **Injunctive and Equitable Relief:** Injunctive relief to prevent further harm and ensure compliance with Plaintiff's rights. Specifically, an order requiring Yeshiva University to (a) reinstate Plaintiff's student status or cooperate in transferring his credits to an equivalent institution; (b) rectify the wrongful SEVIS termination by, for example, issuing a corrected Form I-20 or otherwise facilitating restoration of Plaintiff's immigration status; (c) maintain a safe campus environment by imposing no-contact directives on Defendants (including

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 14 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

Levy, Asher, Lopez, and Amar); (d) implement and enforce comprehensive policies (with training) on victim support, anti-retaliation, anti-discrimination, and strict FERPA/HIPAA compliance; and (e) preserve and disclose all evidence (e.g., emails, transcripts, recordings) related to Plaintiff's case to prevent ongoing concealment.

Structured equitable relief is needed to ensure YU reform and prevent recurrence of the violations at issue, including court supervision or periodic reporting on policy implementation.

- **Compensatory Damages:** An award of compensatory damages in an amount not less than *$50,000,000*. This includes all proven economic and non-economic losses suffered by Plaintiff. For example, Plaintiff's hospital and medical expenses for the March 21, 2024 assault (traumatic brain injury, surgery, hearing loss, therapy, etc.) easily exceed several million dollars. Counseling, psychiatric care and other therapy costs caused by Defendants' conduct are likewise in the multi-million range. Plaintiff's lost tuition and educational expenses (due to removal from YU and need to relocate internationally) are substantial, as is the value of credits and scholarships forfeited. His lost future earnings – conservatively estimated at *tens of millions of dollars* (e.g. ~$35,000,000 for a delayed medical career) – form part of these damages. Plaintiff also suffered severe emotional distress, mental anguish and reputational injury from the unauthorized disclosure of health and academic records, public mockery of his grades, and false accusations by YU officials. Under GDPR Art. 82, any person harmed by a data breach is entitled to full compensation for material and non-material damage, and Recitals emphasize that privacy violations cause "loss of confidentiality," "damage to reputation," and other serious non-economic harms. In sum, Plaintiff's compensatory losses (medical bills, relocation expenses, educational costs,

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 15 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

therapy, and emotional distress) far exceed the figures needed to make him whole, and therefore damages on the order of tens of millions of dollars are warranted.

- **Punitive Damages:** An award of punitive damages in an amount sufficient to punish and deter Defendants' intentional and reckless misconduct – for example, at least *$100,000,000* (or several times the compensatory award). Defendants' campaign of retaliation and privacy breaches was deliberate and malicious: they willfully disclosed confidential information (grades, health data) and abused Plaintiff's visa status to silence him. Under 42 U.S.C. §1983, punitive damages are allowed when a defendant acts with malice or "reckless or callous indifference" to a plaintiff's federally protected rights. The outrageousness of YU's actions – leaking private records, lying about Plaintiff's history, terminating his legal status – justifies exemplary damages well above the $300,000 punitive award (and $150,000 compensatory) that a Washington jury found appropriate in a FERPA privacy case. Title VI similarly permits compensatory and punitive relief against willful discrimination. Given the "high degree of moral culpability" here and the need to deter other institutions from similar abuse, a punitive award dramatically larger than the base harm is justified.

- **Attorneys' Fees, Costs and Interest:** An award of attorneys' fees, litigation expenses, and interest to the fullest extent permitted by law. Plaintiff is entitled to recover fees and costs under 42 U.S.C. §1988, Title VI, and related statutes (and the GDPR's principle of full compensation), as well as pre- and post-judgment interest.

- **Other Relief:** Such other and further relief as the Court deems just and proper, including any further injunctive or equitable relief needed to remediate the violations. Plaintiff

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 16 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

specifically reserves the right to seek additional relief (e.g., mandatory supervision of YU's compliance programs) that the evidence and equity require.

In sum, Plaintiff seeks **maximum credible damages** given the full extent of his losses. The requested compensatory figures mirror documented costs (hospital bills, therapy, relocation, lost tuition) and proven emotional injuries. The punitive award is grounded in well-established law allowing punishment of egregious constitutional and statutory violations. Under GDPR Article 82, controllers must provide *"full and effective compensation"* for privacy harms, and Title VI similarly justifies strong remedies to vindicate civil-rights interests. This comprehensive relief (including monetary damages and structural injunctive orders) is supported by law and the extraordinary facts of this case, and is necessary to redress Plaintiff's injuries and to deter Defendants and others from future misconduct.

## VII. Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure. Plaintiff believes that the factual disputes in this case – including whether Defendant engaged in fraud and misrepresentation and the extent of damages – are appropriate for determination by a jury of his peers.

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 17 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

**JURY DEMAND, RIGHT TO AMEND, AND NON-WAIVER OF RIGHTS**

**RIGHT TO AMEND**

Plaintiff expressly reserves the right to amend this Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to conform to the evidence as it develops through discovery, to correct any technical or factual inaccuracies, and to assert additional claims, legal theories, or causes of action as may become necessary. This includes, without limitation, the right to add or substitute parties or claims that arise out of the same nucleus of operative facts. This reservation is asserted in the interest of justice, judicial economy, and full adjudication on the merits.

**NON-WAIVER OF RIGHTS**

Nothing in this Complaint shall be construed as a waiver of any rights, remedies, or legal theories available to Plaintiff under the Constitution, statutes, common law, or international law. Plaintiff explicitly and unconditionally reserves the right to assert any and all claims, whether known or unknown, legal or equitable, arising from the events, facts, conduct, omissions, or retaliatory actions described herein or discovered through ongoing investigation or discovery. This includes—but is not limited to—rights under Title VI, Title IX, 42 U.S.C. § 1981, § 1983, § 1985, the Americans with Disabilities Act, New York Executive Law § 296, and applicable international conventions and human

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Case 1:25-cv-04571-AT-RWL   Document 1   Filed 05/28/25   Page 18 of 19

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

rights frameworks. Furthermore, Plaintiff reserves the right to seek legal, injunctive, compensatory, punitive, or declaratory relief in any forum or jurisdiction, and nothing herein shall be interpreted to limit Plaintiff's pursuit of parallel remedies through civil, regulatory, or criminal proceedings.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right. Plaintiff respectfully invokes this constitutional entitlement with the utmost seriousness, recognizing that a jury of impartial peers is the proper authority to resolve the deeply factual, reputational, and retaliatory harms alleged herein. This demand applies to all claims, including those sounding in tort, statutory violations, and constitutional deprivations, and shall extend to any future amended or supplemental pleadings.

### PLAINTIFF PRO SE STATEMENT:

Plaintiff, **Yisrael Z. Heilmann**, appears pro se in this action.

Respectfully submitted,

Dated: May 28, 2025

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*

Heilmann v. Yeshiva University Et Al | FERPA / HIPAA + GDPR Privacy Violations | Case No. [TBD] | U.S. District Court – Southern District of New York

**/s/ Yisrael Z. Heilmann**

**Yisrael Z. Heilmann, Plaintiff Pro Se**

Address: 447 Broadway
2nd FL 945
New York, NY, 10013
Email:  yzh2@protonmail.com

*Filed in Good Faith Pursuant to Rule 11(b); Evidence Supporting All Claims Preserved for Production.*